**CORRECTED**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1615V
(not to be published)

| | |
|---|---|
| MARGARET PARSONS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 7, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kate Gerayne Westad, SiebenCarey P.A., Minneapolis, MN, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 26, 2017, Margaret Parsons filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.,[2] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza vaccination administered on October 29, 2014, she suffered a shoulder injury related to vaccine administration. (Petition at 1). On September 3, 2019, a decision was issued by then-Chief Special Master Dorsey, awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 52).

Petitioner has now filed a motion for attorney's fees and costs, dated March 6, 2020, (ECF No. 57). Petitioner requests an award of fees and costs as follows; $14,690.07 (consisting of $8,734.78 in fees and $5,955.29 in costs) from attorney Kate

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Westad's current firm, SiebenCarey, P.A. and $26,900.85 (consisting of $25,558.50 in fees and $1,342.25 in costs) payable to Petitioner and counsel's former firm Larkin Hoffman. (*Id*). In accordance with General Order #9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 58). Respondent reacted to the motion on March 19, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 59). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

**ATTORNEY FEES**

Petitioner requests the rate of $350 per hour for all time billed by attorney Kate Westad. (ECF No. 69-3 at 10). Petitioner is also requesting the following amount for the paralegals from Larkin Hoffman; $160 and $165 per hour for technical litigation paralegal Dwight Ludvingson and $125 per hour for paralegal Teresa Lyon. (*Id*). Both Ms. Westad and Ms. Lyon have been previously awarded their respective rates and I find no cause for a reduction of their rates. As for Mr. Ludvingson, I previously awarded him the rate of $125 per hour for all time billed. *See Pfeifer v. Sec'y of Health & Human Servs.,* No. 17-1824, 2019 WL 7193196 (Fed. Cl. Spec. Mstr. Nov. 6, 2019). I reduce his rate to the previously awarded rate of $125 for all time billed. This results in a reduction of fees awarded to the firm of Larkin Hoffman in the amount of **$43.50**.[2]

## ATTORNEY COSTS

Petitioner requests $7,297.64 in overall costs. This amount is comprised of obtaining medical records, costs for mediator Gary Golkiewicz, travel costs and the Court's filing fee. Ms. Westad represents that Petitioner did incur out-of-pocket costs in the amount of $782.90 for travel to Washington D.C., to attend the mediation hearing, and provided documentation for all Petitioner's expenses. I have reviewed all of the requested costs and supporting documentation and find the requested amounts reasonable and award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs as follows:

- **A lump sum of $14,690.07, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, SiebenCarey, P.A. and;**

- **A lump sum of $26,857.35, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Larkin Hoffman and;**

- **A lump sum of $782.90, representing reimbursement of petitioner's costs, in the form of a check payable to Petitioner.**

---

[2] This amount consists of ($160 - $125 = $35 x 0.9 hrs = $31.50) + ($165 - $125 = $40 x 0.3 hrs = $12) = $43.50.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.